Carrasco-Canales v. Garland

BIA
Loprest, IJ
A077 406 820

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand twenty-two.

PRESENT:
 PIERRE N. LEVAL,
 REENA RAGGI,
 JOSEPH F. BIANCO,
 *Circuit Judges.*

_____

ORLIN ANTONIO CARRASCO-CANALES,
 *Petitioner,*

 v.                                              19-3656
                                                 NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONER:          Craig Relles, Esq., White Plains, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant Attorney General; Mary Jane Candaux, Assistant Director;

Stephen Finn, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Orlin Antonio Carrasco-Canales, a native and citizen of Honduras, seeks review of an October 16, 2019, decision of the BIA affirming an April 17, 2019, decision of an Immigration Judge ("IJ") denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Orlin Antonio Carrasco-Canales,* No. A077 406 820 (B.I.A. Oct. 16, 2019), *aff'g* No. A077 406 820 (Immig. Ct. N.Y. City Apr. 17, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the decisions of both the IJ and the BIA. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir.

2

2014) (reviewing factual findings for substantial evidence and questions of law de novo). Carrasco-Canales applied for withholding of removal based on political opinion and membership in a particular social group, and for CAT relief, asserting that a Honduran crime family—the Acostas—threatened him because he refused to sell them his livestock and because they suspected him of having an affair with the wife of an Acosta family member.

## I.  **Withholding of Removal**

An applicant for withholding of removal must establish that his "life or freedom would be threatened in [the] country [of removal]" on the basis of "race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1231(b)(3)(A).  An applicant must "demonstrate a clear probability of future persecution on account of a protected characteristic," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (quotation marks omitted).

Even assuming Carrasco-Canales's past harm rose to the level of persecution, the agency did not err in denying withholding of removal because the record supports the

3

agency's conclusion that Carrasco-Canales failed to show a nexus to a protected ground. An applicant must establish both that there is an applicable protected ground and that his alleged persecutors were motivated to harm him on that basis. *See Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010).

Here, Carrasco-Canales's claimed memberships in several social groups based on his status as a businessowner and landowner facing extortion were not cognizable.[1] "To constitute a particular social group, a group must be: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014); *see also Paloka*, 762 F.3d at 195-97. The agency did not err in concluding that the proposed groups were not cognizable because the record reflected that broad swaths of the Honduran population are victims of crime and Carrasco-Canales's

---

[1] Insofar as Carrasco-Canales challenges the IJ's failure to address whether he expressed a political opinion when he refused to pay a bribe to a traffic officer, he did not raise this claim before the BIA and it is therefore unexhausted. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1, 118-22 (2d Cir. 2007) (holding that our review is generally limited to issues raised before the agency).

proposed groups were based on access to money or property or defined by the harm suffered. *See Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) (holding that "a social group cannot be defined exclusively by the fact that its members *have* been subjected to harm"). "When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the INA." *Id.*

Moreover, the record supports the agency's conclusion that Carrasco-Canales also failed to show that his membership in any group was a reason for the harm he suffered. *See Paloka*, 762 F.3d at 195 ("the applicant must establish both that the group itself was cognizable and that the alleged persecutors targeted the applicant on account of h[is] membership in that group" (citations and quotation marks omitted)). Carrasco-Canales concurs with the agency findings that personal avarice played a role in the Acosta family's actions, and his own testimony reflects that he was targeted for his assets and his suspected affair. Although he maintains that his status as a landowner facing extortion

5

constitutes a distinct and particular social group, he does not show that the Acostas targeted him for that reason.

## II. **CAT Claim**

The agency did not err in finding that Carrasco-Canales failed to meet his burden of proof for CAT relief. *See* 8 C.F.R. § 1208.16(c)(2). A CAT applicant must prove that "it is more likely than not that he . . . would be tortured," *id.*, "by or at the instigation of or with the consent or acquiescence of a public official," *id.* § 1208.18(a)(1). "Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8 C.F.R. § 1208.18(a)(2); *see also Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."). In assessing the likelihood of torture, the agency considers, among other factors, past torture, the possibility of relocation, "gross, flagrant, or mass violations of human rights within the country of removal," and "[o]ther relevant information regarding conditions in the country of removal."

6

8 C.F.R. § 1208.16(c)(3)(i)-(v). "An alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *Matter of J-F-F-,* 23 I. & N. Dec. 912, 918 n. 4 (A.G. 2006)).

Here, substantial evidence supports the agency's denial of CAT relief. In arguing otherwise, Carrasco-Canales references evidence "that the Acosta family seized [his] land, slaughtered and poisoned his father-in-law's cattle, looted his home, and attempted to covertly locate him through Facebook," along with another gang's extortion of his brother, as showing that he likely will face torture if returned to Honduras. While terribly unfortunate, these acts do not amount to torture. *See* 8 C.F.R. § 1208.18(a)(2). Moreover, Carrasco-Canales did not present evidence that he was forced to pay the Acostas or anybody else while he lived in Honduras, and he did not allege that his brother who was

7

extorted was tortured. Carrasco-Canales also testified that the Honduran police were untrustworthy and did not act when he reported that a possible Acosta associate pointed a gun at him. However, his country conditions evidence reflects both severe crime and corruption and government efforts to ameliorate those problems. Given the absence of past torture (of him or his family members) and absence of clear evidence that the authorities would acquiesce to his torture, the agency did not err in concluding that he had not shown he would more likely than not be tortured with the acquiescence of Honduran authorities. *See Savchuck*, 518 F.3d at 123.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8